UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>           Plaintiff,<br><br>     v.<br><br>NEWSOM, *et al.*,<br><br>           Defendants. | Case No. 1:25-cv-01754-EPG (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF Nos. 2, 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff James Carl Kelly is a state prisoner proceeding *pro se* in this action filed on December 5, 2025. (ECF No. 1). Plaintiff moves to proceed *in forma pauperis* in this action. (ECF Nos. 2, 6).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action, and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**I.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section

1

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on December 5, 2025. (ECF No. 1). Plaintiff has filed more than 20 cases since 2018. Since January 10, 2025, Plaintiff has filed six cases, including the present action.

The Court takes judicial notice[1] of the following four cases, each of which counts as a "strike": (1) *Kelly v. Youngblood*, No. 2:04-cv-2462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for failure to exhaust administrative remedies clear from the face of complaint);[2] (2) *Kelly v. Gyorkey*, No. 2:11- cv-2142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to state a claim); (3) *Kelly v. Elit*, No. 1:18-cv-0019-DAD-SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a claim); (4) *Kelly v. Islam*, No. 1:18-cv-0018-DAD-JDP (E.D. Cal. Dec. 4, 2018) (dismissed for failure to prosecute, following a screening order dismissing complaint for failure to state a claim).

---

[1] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (holding that a dismissal for failure to exhaust administrative remedies counts as a strike dismissal under § 1915(g) if the failure to exhaust is clear from the face of the complaint); *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB, 2018 WL 1905667, at *2 (E.D. Cal. Apr. 23, 2018) ("[I]f a case is dismissed because the failure to exhaust was clear on the face of the complaint, and no outside evidence was considered in reaching that determination, the dismissal would count as a strike.").

In addition, this Court on several prior occasions has determined that Plaintiff is a three-striker, has denied IFP, and required him to pay the full filing fee in order to proceed. The Court takes judicial notice of the following three cases from 2025, each of which was dismissed for failure to pay a filing fee in order to proceed: (1) *Kelly v. Oglesby, et al.,* No. 1:25-cv-00042-KES-SAB (E.D. Cal. Jan. 03, 2025) (ECF No. 16) (order dismissing action for failure to pay required filing fee); (2) *Kelly v. Custer, et al.,* No. 1:25-cv-00052-KES-CDB (E.D. Cal. Jan. 13, 2025) (ECF No. 17) (order dismissing action for failure to pay required filing fee); (3) *Kelly v. Newsom, et al.,* No. 1:25-cv-00154-JLT-EPG (E.D. Cal. Feb. 03, 2025) (ECF No. 16) (order dismissing action for failure to pay filing fee).

### B.     Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger

3

determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff alleges violations of his rights in his complaint, mostly concerning his incarceration at Kern Valley State Prison. Generally, he complains that he is a high-risk heart patient and has safety concerns regarding his "I.N.R." blood levels and that he is not receiving adequate care at Kern Valley State Prison. For example, Plaintiff alleges that he was administered a blood draw that indicated his blood levels were low, and he was given medication to correct those low blood levels. (ECF No. 1, p.3). Plaintiff alleges that he is not given that medication any longer, but he has concerns about his blood levels. Plaintiff acknowledges that he has been given subsequent blood draws to test his levels, and if they are low, he is provided with medication. However, Plaintiff also alleges the doctors and nurses "know little about my heart disease, and this mechanical valve." (*Id.,* p. 4). Plaintiff alleges that one doctor told him he was "fine." (*Id.,* p. 3). Finally, Plaintiff claims his last blood draw was on November 3, 2025, over one month before filing his complaint, but he does not know if the results indicate he will need medication.

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's physical safety under the standards described above. Plaintiff does not allege that his safety is under imminent threat. Although Plaintiff complains about the medical care he is receiving, his complaint states that he is receiving medical care including medications to treat his medical conditions.

Without specific factual allegations of ongoing threats of serious physical injury, the Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. *See Stephens v. Bragg*, No. 2:23-CV-1172-AC, 2023 WL 4198685, at *3 (E.D. Cal. June 27, 2023), *report and recommendation adopted*, 2023 WL 5516143 (E.D. Cal. Aug. 25, 2023), *reconsideration denied*, 2023 WL 6201751 (E.D. Cal. Sept. 22, 2023) ("Although it is clear that the alleged deliberate indifference to plaintiff's medical needs was ongoing at the time the complaint was filed, it does not appear that this ongoing dispute about proper treatment placed plaintiff in imminent danger of serious physical injury. Plaintiff's allegations to the contrary are conclusory and speculative, and thus insufficient to support an exception to the three strikes rule.") (internal citations omitted).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## III. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a District Judge to this case.

And **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF Nos. 2, 6).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
IT IS SO ORDERED.

Dated: **December 12, 2025**      /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE